**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **James Sharp,** | ) | **CASE NO. 1:11-CV-2816** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **v.** | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Regina Perry,** | ) | |
| | ) | |
| **Defendant.** | ) | |

*Pro se* plaintiff James Sharp filed this action against his former fiancee, Regina Perry. In the Complaint, plaintiff claims defendant owes him money and requests that the Court order her to repay him. Plaintiff has also filed a request to proceed *In Forma Pauperis*. (Doc. 2). That request is granted.

**Background**

Plaintiff alleges he was arrested in August 2006 and subsequently incarcerated. At that time, defendant Perry was his fiancee. Plaintiff alleges he gave defendant money from his Veterans Administration pension to help pay the bills while he was in prison. (Doc. 1 at 4). At some point, plaintiff learned that he had been paid this money from his pension in error and owed an overdraft of $16,000. He was released from prison in August 2009. (Doc. 1 at 4).

Plaintiff alleges he asked defendant to help "pay her share" of the money that was being deducted from his paycheck to pay for this overdraft. He claims defendant agreed to do so, but has since failed to sufficiently contribute to these repayment efforts. (Doc. 1 at 4).

In September 2007, plaintiff filed a complaint against defendant in the Cuyahoga County Court of Common Pleas.  *See Sharp v. Perry*, Case No. CV-07-637070 (Cuy. Cty. Ct. C. P.)  It is unclear, but it appears this lawsuit relates to the repayment of the pension money at issue herein.  On April 3, 2008, the state court dismissed plaintiff's complaint without prejudice for failure to perfect service.

Plaintiff is currently a pretrial detainee at the Cuyahoga County Jail.  He filed the instant Complaint on December 30, 2011, asking the Court "to compel [defendant] to help to pay the balance in a timely manner, which is now approximately $4,000, leaving [defendant's] share of $2,000."  (Doc. 1 at 6).

**Standard**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a

---

[1]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard.  *Id.*  In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff.  *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### Analysis

The presence or absence of jurisdiction to hear a case is the "first and fundamental question presented by every case brought to the federal courts."  *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000).  *See also Farmer v. Fisher*, No. 09-3240, 2010 WL 2925935 at *2 (6th Cir. July 28, 2010).  Accordingly, the Sixth Circuit has instructed that "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*."  *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern.*, Ltd., 556 F.3d 459, 465 (6th Cir. 2009).  This analysis is shaped by the well-known principle that "[f]ederal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."  *Hudson v. Coleman*, 347 F.3d 138, 141 (6th Cir. 2003).  The party

who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

The Court finds it does not have federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  Under that statute, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331.  Plaintiff does not identify any specific constitutional right, amendment, or federal statute that might form the basis of his claims, nor does he identify any legal theories or concepts of a constitutional dimension.  While he filed the instant Complaint on a form used for civil rights complaints, plaintiff does not identify any specific federal civil rights which he believes have been violated.  Even if this Court were to liberally construe his Complaint as asserting a civil rights claim under 42 U.S.C. § 1983, plaintiff would not prevail as he has not alleged that he was deprived of a right secured by the U.S. Constitution or federal law, or that defendant Perry was acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (stating that, to establish a claim under § 1983, a plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law).  Accordingly, the Court finds the Complaint in the instant case fails to sufficiently state any federal claim supporting jurisdiction under § 1331.

Nor can plaintiff demonstrate the existence of diversity jurisdiction under 28 U.S.C. § 1332.  That statute provides "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is

-4-

between (1) citizens of different States." 28 U.S.C. § 1332(a)(1). "This statute and its predecessors have consistently been held to require *complete* diversity of citizenship." *Owens Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (citing *Stawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)) (emphasis added). That is, federal diversity jurisdiction exists only when "no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). The general rule is that diversity is determined at the time of the filing of a lawsuit. *See Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006).

The Court does not have diversity jurisdiction over the instant case. As an initial matter, plaintiff fails to carry his burden of establishing that the amount-in-controversy requirement is satisfied. Plaintiff does not allege that defendant owes him anything other than her alleged share of the pension overdraft, i.e. $2,000. This amount clearly does not exceed $75,000, as required by § 1332. (Doc. 1 at 6). Moreover, the Complaint lacks complete diversity, as it lists Ohio addresses for both plaintiff and defendant. (Doc. 1 at 3).

In light of the above, the Court finds plaintiff has failed to satisfy his burden of establishing that it has subject matter jurisdiction over this action under either § 1331 or § 1332.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

---

[2]  28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."

IT IS SO ORDERED.


                               /s/ Patricia A. Gaughan
                               PATRICIA A. GAUGHAN
                               UNITED STATES DISTRICT JUDGE

Dated: 1/23/12